DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By:     ALYSSA B. O'GALLAGHER
        ZACHARY BANNON
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone:  (212) 637-2822/2728
Facsimile:  (212) 637-2786
E-mail: alyssa.o'gallagher@usdoj.gov
        zachary.bannon@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
UNITED STATES OF AMERICA,

     Plaintiff,

   -against-

THOMAS PUSHKAL, JENNIFER VANOVER,
EDWARD PUSHKAL, FRANCES PUSHKAL, and
MAPLEWOOD WARMBLOODS, LLC,

     Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

23 Civ. 6288

  1. The United States of America, by its attorney, Damian Williams, United States Attorney for the Southern District of New York, acting on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges for its complaint as follows:

## NATURE OF THE ACTION

  2. Defendants Thomas Pushkal, Jennifer Vanover, and Maplewood Warmbloods, LLC, discharged fill into approximately 3.5 acres of wetlands protected by the federal Clean Water Act ("CWA") on several properties in Orange County, New York.  These wetlands abut and have a continuous surface connection to the Wallkill River, a traditional navigable water.  In

filling these wetlands, defendants ignored EPA's express warning to them against filling such wetlands without seeking and obtaining a CWA permit.

3. The remaining defendants, Edward and Frances Pushkal, own one of the properties on which the fill occurred. On information and belief, Edward and Frances Pushkal agreed to allow fill to be discharged into the wetlands on their property or knew or should have known of, but failed to exercise their authority to prevent, the discharges.

4. The United States brings this civil action under Sections 309(b) and (d) of the CWA, 33 U.S.C. §§ 1319(b), (d), to obtain injunctive relief compelling defendants to remove the unauthorized fill material from waters of the United States and to cease unpermitted discharges, and for civil penalties.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 309(b) and (d) of the CWA, 33 U.S.C. §§ 1319(b) and (d).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and Section 309(b) of the CWA, 33 U.S.C. § 1319(b), because the events giving rise to the claims herein occurred in this District.

7. The United States has provided notice of the commencement of this action to the State of New York pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

## PARTIES

8. Plaintiff is the United States of America on behalf of EPA.

9. Defendant Thomas Pushkal is an individual who owns property, which includes 460 Bart Bull Road, 502-508 Bart Bull Road, and 560 Bart Bull Road, in the Town of Wallkill,

New York, and regularly conducts business in Orange County, New York. He is a co-owner and co-operator of Maplewood Warmbloods, LLC.

10. Defendant Jennifer Vanover ("Vanover") is an individual who owns property, which includes 460 Bart Bull Road, 502-508 Bart Bull Road, and 560 Bart Bull Road, in the Town of Wallkill, New York, and regularly conducts business in Orange County, New York. Vanover is a co-owner and co-operator of Maplewood Warmbloods, LLC.

11. Defendants Edward Pushkal and Frances Pushkal own property, which includes 230 Stony Ford Road and 240 Stony Ford Road in the Town of Wallkill, New York, in Orange County, New York, that is operated by Thomas Pushkal and Vanover. They are Thomas Pushkal's parents.

12. Defendant Maplewood Warmbloods, LLC ("Maplewood Warmbloods"), is a corporation organized under the laws of the State of New York, with its principal executive offices located in Orange County, New York.

13. Each of the defendants is a "person" within the meaning of Section 502(5) of the CWA, 33 U.S.C. § 1362(5).

## STATUTORY AND REGULATORY BACKGROUND

**I.    The Wetlands Permitting Program Under CWA Section 404**

14. The objective of the CWA is "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a).

15. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), furthers this goal by prohibiting the "discharge of any pollutant by any person" "[e]xcept as in compliance with," among other things, permits issued under Section 404 of the CWA, 33 U.S.C. § 1344.

3

16. The "discharge of a pollutant" includes "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12). Navigable waters are "the waters of the United States, including the territorial seas." 33 U.S.C. § 1362(7).

17. Wetlands are "those areas that are inundated or saturated by surface or ground water at a frequency and duration sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions." 33 C.F.R. § 328.3.

18. A "point source" is defined as "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, discrete fissure, container, rolling stock, concentrated animal feeding operation, or vessel or other floating craft, from which pollutants are or may be discharged." 33 U.S.C. § 1362(14).

19. A "pollutant" includes, among other things, dredged or fill material, solid waste, sewage, spoil, rock, sand, cellar dirt, and industrial, municipal, and agricultural waste discharged into water. 33 U.S.C. § 1362(6).

20. No person may discharge fill into wetlands that are waters of the United States (also known as "jurisdictional wetlands") without a permit—typically issued by the United States Army Corps of Engineers (the "Corps of Engineers" or "Corps")—under Section 404(a) of the CWA, 33 U.S.C. § 1344(a). The Section 404 permitting program is intended to authorize the discharge of dredged or fill material into wetlands only when, among other things, "it can be demonstrated that such a discharge will not have an unacceptable adverse impact either individually or in combination with known and/or probable impacts . . . ." 40 C.F.R. § 230.1(c).

**II.     Enforcement**

21.     CWA Sections 309(b) and (d) authorize the commencement of an action for injunctive relief and civil penalties against any person who violates CWA Section 301(a) by discharging pollutants to waters of the United States without a permit.  33 U.S.C. §§ 1319(b), (d).

22.     Section 309(d) of the CWA, 33 U.S.C. § 1319(d), as modified, provides for a civil penalty of up to $37,500 per day for violations occurring between December 7, 2013, and November 2, 2015, and up to $64,618 per day for violations that occurred after November 2, 2015, for penalties assessed on or after January 6, 2023.  33 U.S.C. § 1319(d); 40 C.F.R. § 19.4.

## VIOLATIONS OF THE CWA BY DEFENDANTS

**I.     Defendants Discharged Fill Into Jurisdictional Wetlands Without a Permit**

*A.     Defendants Thomas Pushkal, Vanover, and Maplewood Warmbloods Filled Jurisdictional Wetlands at the 460 Bart Bull Road Property*

23.     Maplewood Warmbloods is a horse breeding, boarding, and training facility located at 460 Bart Bull Road, in the Town of Wallkill, in Orange County, New York, on the portion of that property that lies north of the historic railroad right-of-way running through it (the "Bart Bull Road Site").  Defendants Thomas Pushkal and Vanover are the co-owners and co-operators of Maplewood Warmbloods and co-owners of the Bart Bull Road Site.

24.     At all times relevant to this complaint, defendants Thomas Pushkal, Vanover, and Maplewood Warmbloods controlled the Bart Bull Road Site and all activities relevant to this complaint that occurred on the Bart Bull Road Site.

25. The Bart Bull Road Site covers approximately 58 acres and is bordered by the Wallkill River to the east.

26. The Wallkill River is a traditional navigable water. It flows northeast from the Bart Bull Road Site to Rondout Creek, a major tributary of the Hudson River. The United States Fish and Wildlife Service publicizes self-guided kayak and canoeing activities on the Wallkill River within the Wallkill River National Wildlife Refuge, which is situated upstream of the Bart Bull Road Site in Orange County, New York, and Sussex County, New Jersey. Several car-top boat launches are also situated at various locations along the Wallkill River, including the Middletown Access Public Boat Launch located approximately 4 miles upstream of the Bart Bull Road Site.

27. Beginning in or about June 2015 to March 2016, defendants Thomas Pushkal, Vanover, and Maplewood Warmbloods directed or permitted construction and demolition material to be trucked in and deposited at the Bart Bull Road Site and directed or permitted the use of heavy machinery to spread the fill material to level and raise the grade of the property. This grading and leveling of the property included discharging fill material into two acres of wetlands at the Bart Bull Road Site. These wetlands are adjacent to and abut the Wallkill River and have a continuous surface connection to it. The fill material consisted mostly of dirt and rock, and also included, among other things, brick, asphalt, concrete, rebar, PVC piping, metal, ceramic, electrical wiring, and wood.

28. In 2018, EPA learned of these potential CWA violations at the Bart Bull Road Site. On September 11, 2018, EPA inspectors examined the Bart Bull Road Site, focusing largely on the eastern side of the Bart Bull Road Site where fill material had been deposited. EPA sampled two locations in the fill area and determined that in each location the soils were

saturated with groundwater, indicating that wetland hydrology was present in those locations. EPA also identified the presence of hydrophytic vegetation and hydric soils in each location. Based on on-site observations and on-site sampling from the September 11, 2018 inspection, as well as geospatial information, EPA confirmed that approximately two acres of wetlands at the Bart Bull Road Site were filled beginning in or about June 2015 to March 2016.

29. Defendants Thomas Pushkal, Vanover, and Maplewood Warmbloods never sought or obtained authorization from the Corps of Engineers for the filling of the wetlands at the Bart Bull Road Site.

30. The Wallkill River and wetlands at the Bart Bull Road Site are "waters of the United States" within the meaning of Section 502(7) of the CWA, 33 U.S.C. § 1362(7).

31. The dump trucks and other heavy machinery used by defendants to discharge fill material into jurisdictional wetlands at the Bart Bull Road Site constituted "point sources," as defined in Section 502(14) of the CWA, 33 U.S.C. § 1362(14).

> **B.** ***Defendants Thomas Pushkal, Vanover, and Maplewood Warmbloods Discussed the Bart Bull Road Site Violations with EPA and Were Warned Against Discharging Further Unpermitted Fill***

32. No later than November 28, 2018, defendants Thomas Pushkal, Vanover, and Maplewood Warmbloods received EPA's inspection report summarizing the conclusions of its September 11, 2018 inspection, including that defendants had illegally filled approximately two acres of jurisdictional wetlands without a permit.

33. On November 14, 2018, defendants Thomas Pushkal, Vanover, and Maplewood Warmbloods, through their attorney at the time, entered into discussions with EPA regarding these violations.

34. At the end of November 2018, EPA learned of potential development activity at an additional property controlled by defendants Thomas Pushkal, Vanover, and Maplewood Warmbloods, and owned by defendants Edward and Frances Pushkal.

35. In December 2018, EPA cautioned defendant Thomas Pushkal, by phone, that if he was filling jurisdictional wetlands on any additional properties, he would need a permit from the Corps of Engineers.

### C. *Defendants Thomas Pushkal, Vanover, and Maplewood Warmbloods Filled Additional Jurisdictional Wetlands at a Neighboring Property*

36. Despite this warning, defendants Thomas Pushkal, Vanover, and Maplewood Warmbloods proceeded to fill jurisdictional wetlands at a neighboring property.

37. Defendants Edward and Frances Pushkal own an additional 37.10 acre property adjoining at 230 Stony Ford Road in the Town of Wallkill, and they made the property available to Thomas Pushkal, Vanover, and Maplewood Warmbloods for development.

38. Defendants Thomas Pushkal, Vanover, and Maplewood Warmbloods intended to expand the footprint of Maplewood Warmbloods' facility to include, at least, 230 Stony Ford Road,[1] as well as that portion of 460 Bart Bull Road that lies south of the historic railroad right-of-way that runs through the property (together, the "Expansion Site").

39. On information and belief, defendants Edward and Frances Pushkal agreed for the 230 Stony Ford Road property owned by them to be included within, and developed for, the Expansion Site. To that end, Frances Pushkal sought a building permit from the Town of Wallkill on August 15, 2018, to conduct clearing, filling, and grading work at, at least, 230 Stony Ford Road. The permit was granted on August 27, 2018.

---

[1] The entire site expansion included all five properties, 460 Bart Bull Road, 502-508 Bart Bull Road, 560 Bart Bull Road, 230 Stony Ford Road, and 240 Stony Ford Road, in the Town of Wallkill, Orange County, New York.

8

40.     At all times relevant to this complaint, defendants Thomas Pushkal, Vanover, and Maplewood Warmbloods controlled the Expansion Site and all activities relevant to this complaint that occurred on the Expansion Site, and on information and belief, defendants Edward and Frances Pushkal shared control over the Expansion Site owned by them and activities relevant to the complaint occurring on those portions.

41.     The Expansion Site is bordered by the Wallkill River to the south and to the east.

42.     In November 2018, EPA learned of potential illegal filling of jurisdictional wetlands at the Expansion Site. On May 9, 2019, and May 29, 2019, EPA inspectors examined the Expansion Site. On May 29, 2019, EPA sampled the Expansion Site and determined that the soils were saturated with groundwater, indicating that wetland hydrology was present. EPA also identified the presence of hydrophytic vegetation and hydric soils. Based on on-site observations and on-site sampling from the May 29, 2019, inspection, as well as geospatial information and recorded GPS locations, EPA identified 1.5 acres of wetlands at the Expansion Site into which fill material had been deposited from beginning in or about December 2018 to April 2019. This included 1.3 acres of wetlands on the 230 Stony Ford Road property owned by Edward and Frances Pushkal.

43.     Specifically, beginning in or about December 2018 to April 2019, private access roads, comprised of crushed construction and demolition material, were constructed through portions of the Expansion Site leading to a construction and demolition processing operation. To construct these roads, defendants Pushkal, Vanover, and Maplewood Warmbloods used dump trucks and other heavy machinery to engage in extensive earthmoving, grading, and filling activities at the Expansion Site. The construction of these roads caused fill material to be discharged into 1.5 acres of wetlands at the Expansion Site. These wetlands are adjacent to and

abut the Wallkill River and have a continuous surface connection to it. The fill consisted of, among other things, dirt, rock, concrete, asphalt, brick, tile, metal, wood, and glass.

44. On September 29 and 30, 2020, EPA conducted another inspection to document if any additional work was completed. EPA verified that the wetlands that were impacted at the Expansion Site are part of a larger wetland that is adjacent to and abuts the Wallkill River and has a continuous surface connection to it.

45. The Wallkill River and wetlands at the Expansion Site are "waters of the United States" within the meaning of Section 502(7) of the CWA, 33 U.S.C. § 1362(7).

46. Defendants did not obtain a permit from the Corps of Engineers for this discharge of fill material into waters of the United States.

47. The dump trucks and other heavy machinery used by defendants to discharge fill material into the jurisdictional wetlands at the Expansion Site constituted "point sources," as defined in Section 502(14) of the CWA, 33 U.S.C. § 1362(14).

    **D.**    ***EPA Advised Defendants to Apply for a Corps of Engineers Permit Before Further Filling of Jurisdictional Wetlands***

48. Based on conditions at the Expansion Site and the observation of dump trucks entering and exiting the Site during the May 9, 2019, and May 29, 2019 EPA inspections, EPA inspectors concluded that construction activities at the Expansion Site were ongoing and could lead to additional fill of additional wetlands without a permit.

49. In June 2019, EPA provided defendants with the inspection reports from its May 9, 2019 and May 29, 2019 inspections. Thereafter, on June 14, 2019, EPA sent a letter to defendants confirming the presence of jurisdictional wetlands, as well as earth-moving and filling activities, at the Expansion Site. EPA noted the existence of potential violations of the

CWA at the Expansion Site and advised defendants to apply to the Corps of Engineers for a permit prior to conducting any work in waters of the United States.

## CLAIM FOR RELIEF

### *Unpermitted Discharges of Fill Into Jurisdictional Wetlands*

50. The United States repeats and realleges the allegations set forth in Paragraphs 1 through 49.

51. Beginning in or about June 2015 and continuing at least through March 2016, defendants Thomas Pushkal, Vanover, and Maplewood Warmbloods used dump trucks and other heavy machinery to discharge fill material into approximately two acres of jurisdictional wetlands at the Bart Bull Road Site.

52. Beginning in or about December 2018 and continuing at least through April 2019, defendants Thomas Pushkal, Vanover, and Maplewood Warmbloods used dump trucks and other heavy machinery to discharge fill material into 1.5 acres of jurisdictional wetlands at the Expansion Site.

53. A portion of the filled Expansion Site wetlands are located on property owned by Edward and Frances Pushkal at 230 Stony Ford Road.  On information and belief, Edward and Frances Pushkal agreed to permit fill to be discharged to the wetlands on their property or knew or should have known of, but failed to exercise their authority to prevent, the discharges.

54. The dump trucks and other heavy machinery used by defendants to discharge fill material into a total of approximately 3.5 acres of jurisdictional wetlands at the Bart Bull Road Site and Expansion Site constituted "point sources," as defined in Section 502(14) of the CWA, 33 U.S.C. § 1362(14).

55. The discharges of fill material included, among other things, dirt and rock, which constitute "pollutants" as defined in Section 502(6) of the CWA, 33 U.S.C. § 1362(6).

56. The discharges of fill material constituted discharges of a pollutant within the meaning of Section 301 of the CWA, 33 U.S.C. § 1311, and Section 502(12) of the CWA, 33 U.S.C. § 1362(12).

57. Defendants did not obtain a permit under Section 404 of the CWA, 33 U.S.C. § 1344, for the discharges of fill material into waters of the United States as required by Section 301(a) of the CWA, 33 U.S.C. § 1311(a).

58. Accordingly, these discharges of fill material to navigable waters violated Section 301(a) of the CWA, 33 U.S.C. § 1311(a).

59. The fill discharged into these waters of the United States remains in place, in continuing violation of the CWA.

60. Unless enjoined by an Order of the Court, defendants will continue to leave the unlawfully discharged fill in place in waters of the United States.

61. Pursuant to 33 U.S.C. § 1319(d), defendants Thomas Pushkal, Vanover, and Maplewood Warmbloods are liable for civil penalties for each day of each violation at the Bart Bull Road Site and the Expansion Site, and defendants Edward and Frances Pushkal are liable for each day of each violation at 230 Stony Ford Road, including the 1.3 acres of filled Expansion Site wetlands located thereon.

62. Pursuant to 33 U.S.C. § 1319(b), the United States is entitled to injunctive and other appropriate relief preventing further violations and requiring removal of the illegally placed fill in a total of approximately 3.5 acres of jurisdictional wetlands at the Bart Bull Road Site and Expansion Site.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America respectfully requests that this Court:

a) Enjoin defendants from discharging or causing the discharge of pollutants to waters of the United States, except in compliance with the CWA;

b) Enjoin defendants to undertake measures, at their expense and at the direction of EPA, to effect restoration of jurisdictional wetlands at the Bart Bull Road Site and the Expansion Site;

c) Assess civil penalties against defendants pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), for each day of each violation;

d) Award the United States costs and disbursements in this action; and

e) Grant the United States such other relief as the Court deems just and proper.

Dated:    July 20, 2023
           New York, New York

                                      DAMIAN WILLIAMS
                                      United States Attorney for the
                                      Southern District of New York

                      By:    */s/ Alyssa B. O'Gallagher*
                              ALYSSA B. O'GALLAGHER
                              ZACHARY BANNON
                              Assistant United States Attorneys
                              86 Chambers Street, 3rd Floor
                              New York, New York 10007
                              Telephone: (212) 637-2822/2728
                              Facsimile: (212) 637-2786
                              E-mail: alyssa.o'gallagher@usdoj.gov
                                        zachary.bannon@usdoj.gov


OF COUNSEL:

KARA E. MURPHY
Assistant Regional Counsel
Water and General Law Branch
United States Environmental Protection Agency
Region 2
290 Broadway, 16th Floor
New York, New York 10007