UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

UNITED STATES OF AMERICA,

                Plaintiff,

          -against-

THOMAS PUSHKAL, JENNIFER VANOVER,
EDWARD PUSHKAL, FRANCES PUSHKAL, and
MAPLEWOOD WARMBLOODS, LLC,

                Defendants.
------------------------------------------------------------------ x

**STIPULATED
CONFIDENTIALITY
AGREEMENT AND
PROTECTIVE ORDER**

23 Civ. 6288 (CS)

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1.     Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes the United States of America to produce information that otherwise would be prohibited from disclosure under the Privacy Act without presenting Privacy Act objections to this Court for a decision regarding disclosure. To the extent the Privacy Act allows the disclosure of information pursuant to a court

order, this Order constitutes such a court order and authorizes the disclosure of that information. However, nothing in this paragraph shall require production of information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities. The terms of this Order shall govern the safeguarding of such information by all individuals referenced herein.

2.      With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Subject to Protective Order" pursuant to this Order, no person subject to this Order may disclose such Discovery Material Subject to Protective Order to anyone else except as this Order expressly permits:

3.      The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Subject to Protective Order only the portion of such material that it reasonably and in good faith believes consists of:

    a. previously non-disclosed non-public financial information relating to a Party's financial condition (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    b. previously non-disclosed non-public material relating to a Party's ownership or control of any non-public company;

    c. a Party's previously non-disclosed non-public business plans;

    d. information in which any non-party has a reasonable expectation of privacy and/or which is protected from disclosure pursuant to any statutory, regulatory, or contractual provision;

e.  any information protected from the disclosure by the Privacy Act; or

f.  any other category of information this Court subsequently affords confidential status

4.      With respect to the portion of any Discovery Material Subject to Protective Order other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Subject to Protective Order" by: (a) stamping or otherwise clearly marking as "Subject to Protective Order" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

5.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Discovery Material Subject to Protective Order either by: (a) indicating on the record during the deposition that a question calls for information Subject to Protective Order, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Information Subject to Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Subject to Protective Order," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Subject to Protective Order.

6.      If at any time before the trial of this action a Producing Party realizes that it should have designated as Subject to Protective Order some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order

3

will treat such designated portion(s) of the Discovery Material as Subject to Protective Order.

7.     Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8.     Where a Producing Party has designated Discovery Material as Subject to Protective Order, other persons subject to this Order may disclose such information only to the following persons:

a.   the Parties to this action, their insurers, and counsel to their insurers;

b.   counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

c.   outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

d.   any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e.   as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f.   any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

g.   any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

4

h.  stenographers engaged to transcribe depositions the Parties conduct in this action; and

i.  this Court, including any appellate court, its support personnel, and court reporters.

9.     Before disclosing any Discovery Material Subject to Protective Order to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10.     Any party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

11.     The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Subject to Protective Order and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Subject to Protective Order.

12.     In filing Discovery Material Subject to Protective Order with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Discovery Material Subject

to Protective Order ("Court Submission Subject to Protective Order"), the Parties shall publicly file a redacted copy of the Court Submission Subject to Protective Order via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Court Submission Subject to Protective Order under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Court Submission Subject to Protective Order.

13.    Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(D) of this Court's Individual Practices.

14.    Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(D) of this Court's Individual Practices.

15.    Recipients of Discovery Material Subject to Protective Order under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

16.    Nothing in this Order will prevent any Party from producing any Discovery Material Subject to Protective Order in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided

that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

17.    Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States of America (the "United States") to disclose to any agency or department of the United States, or any division of any such agency or department, Protected Information relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such Protected Information by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency or department shall be advised of the terms of this Protective Order and maintain the confidentiality of the Protected Information in a manner consistent with the terms of this Protective Order.

18.    Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide Protected Information to a Congressional entity; provided, however, that the United States shall notify the Congressional entity requesting the documents that the Protected Information has been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the producing party or nonparty of the Congressional entity's request and the United States' response thereto.

19.    Each person who has access to Discovery Material designated as Subject to

Protective Order pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

20.     If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

21.     If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

22.     Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

23.     The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

24.     The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

25.     Within 60 days of the final disposition of this action – including all appeals – all recipients of Discovery Material Subject to Protective Order must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such

material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Discovery Material Subject to Protective Order. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Discovery Material Subject to Protective Order. Any such archival copies that contain or constitute Discovery Material Subject to Protective Order remain subject to this Order.

26.     This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Discovery Material Subject to Protective Order is produced or disclosed.

27.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

_____
Counsel for the United States of America

_____
Counsel for Edwane Pushkead &
Frankie Pushkead

Dated: April 17, 2024

Dated: 4/23/24

_____

Dated: 4/19/24

Dated: ~~New York, New York~~
White Plains, New York
April 23, 2024

SO ORDERED.

_____
Cathy Seibel
United States District Judge