

U.S. Department of Justice

United States Attorney
Southern District of New York

86 Chambers Street
New York, New York 10007

June 21, 2024

**VIA E-MAIL**
The Honorable Cathy Seibel
United States District Judge
300 Quarropas St.
White Plains, NY 10601

Defendants Jennifer Vanover, Thomast Pushkal and Maplewood Warmbloods, LLC are ORDERED to SHOW CAUSE before this Court ,on June 28, 2024 at 2:30 pm, why they should not be sanctioned under Federal Rule of Civil Procedure 37 or Federal Rule of Civil Procedure 16 for failing to comply with the Court's order dated 6/11/24 (ECF No. 48).

SO ORDERED.

*Cathy Seibel*
CATHY SEIBEL, U.S.D.J.

6/24/24

Re:   *United States of America v. Pushkal, et al.*, No. 23 Civ. 6288 (CS)

Dear Judge Seibel:

      The Maplewood Defendants (Jennifer Vanover, Thomas Pushkal, and Maplewood Warmbloods, LLC) did not comply with the Court's order dated June 11, 2024, compelling them to produce basic financial discovery to the Government by June 18, 2024. Dkt. No. 48. For the reasons outlined below, the Government respectfully requests that the Court grant a discovery sanction against the Maplewood Defendants pursuant to Federal Rule of Civil Procedure 37, prohibiting them from offering evidence in this matter that the Government's relief should be limited by their financial condition and granting any further relief that the Court deems appropriate.

      Background on Financial Discovery

      The Government served financial discovery requests on the Maplewood Defendants on January 12, 2024. These requests are relevant to the penalty the Maplewood Defendants owe under the Clean Water Act, an inquiry that requires consideration of both the "economic benefits . . . resulting from [a] violation" and "the economic impact of the penalty on [a] violator," 33 U.S.C. § 1319(d). *See* Dkt. No. 40. The Maplewood Defendants did not respond to the Government's discovery requests and so the Government filed a motion to compel their response on February 22, 2024. *See* Dkt. No. 38. The Maplewood Defendants subsequently responded on March 1, 2024, objecting to the Government's financial discovery requests in full, arguing that they were "improper" and "premature." Dkt. No. 40, Ex. A. The Government then moved to compel the Maplewood Defendants' response to its financial discovery requests again on April 1, 2024. In response, the Maplewood Defendants requested (without any legal argument) that the case be bifurcated and financial discovery deferred. *See* Dkt. No. 41.

      At a conference on the Government's motion on April 8, 2024, the Court ordered the parties to agree on an appropriately tailored protective order to govern financial discovery and to negotiate narrowed financial discovery requests by May 8, 2024. If the parties were unable to reach an agreement, the Court ordered the Government to submit its opposition to the Maplewood Defendants' request for bifurcation by May 13, 2024. The parties were able to agree to a protective order by mid-April. *See* Dkt. No. 45. However, the Maplewood Defendants refused to accept significantly narrowed financial discovery requests that the Government proposed on April 24, 2024, which sought only:

- To assess "the economic benefit (if any) resulting from the violation," 33 U.S.C. § 1319(d), the Maplewood Defendants' tax returns from 2014 to the present (or IRS forms permitting the Government to seek those returns directly from the IRS; and

- To assess "the economic impact of the penalty on the violator," *id.*, that the Maplewood Defendants complete the Government's financial disclosure forms.

*See* Dkt. No. 46.

Without an agreement in place, the Government filed an opposition to the Maplewood Defendants' request for bifurcation on May 13, 2024. *Id.* The Maplewood Defendants did not respond to the Government's opposition by the date they were required to do so. Although they provided the Government with incomplete financial disclosure forms for two of the three Maplewood Defendants on June 7, 2024, they never completed those forms, nor did they provide a financial disclosure form for the third defendant or tax returns for any defendant.

As such, the Government renewed its request for an order compelling financial discovery on June 11, 2024. Dkt. No. 47. The Court granted the Government's request on the same day, stating in full:

> Defendants have not replied to the Government's opposition, from which I infer that they have no argument that the requested information is not relevant (apart from their argument that information relating to damages is not yet relevant because no violation has been established). Given the relevance of the requested information, and the extent to which the Government has narrowed its requests, such that compliance is not burdensome for Defendants, there is no need to depart from the default rule that discovery is not bifurcated. Defendants' application for bifurcation is therefore denied, and Defendants shall respond to the narrowed requests no later than 6/18/2024.

Dkt. No. 48. The Maplewood Defendants did not produce anything to the Government by June 18, 2024. On June 19, 2024, the Government requested that the Maplewood Defendants comply with the Court's order no later than June 20, 2024, and informed the Maplewood Defendants that we would seek relief from the Court otherwise. The Maplewood Defendants did not respond.

<u>Request for Rule 37 Sanctions</u>

Federal Rule of Civil Procedure 37 provides rules applicable to a party that fails to comply with a court order or that otherwise fails to cooperate in discovery. Relevant here, where a party "fails to obey an order to provide or permit discovery," the court "may issue further just orders," including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). Here, such relief is appropriate as a sanction for the Maplewood Defendants' failure to comply with the Court's June 11, 2024, discovery order.

Financial discovery is relevant in this matter to two discrete issues associated with the penalty that will be imposed on the Maplewood Defendants because of their Clean Water Act violations—the "economic benefits . . . resulting from [their] violation" and "the economic impact of the penalty on" them. 33 U.S.C. § 1319(d). Without the financial discovery that the Government has been deprived of because of the Maplewood Defendants' violation of the Court's order, the Government has no evidence that could be offered to argue about how the Maplewood Defendants' financial condition should impact the penalty that they owe. Where "discovery misconduct has deprived the opposing party of key evidence needed to litigate a contested issue, an order prohibiting the disobedient party from contesting that issue—or simply directing that the matter be taken as established—is . . . appropriate." *Shanghai Weiyi Int. Trade Co., Ltd. v. Focus 2000 Corp.*, No. 15 Civ. 3533 (BCM), 2017 WL 2840279, at *11 (S.D.N.Y. June 27, 2017). The Court should accordingly issue an order precluding the Maplewood Defendants from offering evidence that the Government's relief should be limited by their financial condition and granting any other relief that the Court deems appropriate, including monetary sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(C).[1]

We thank the Court for its attention to this matter and for its consideration of this request.

        Respectfully,

        DAMIAN WILLIAMS
        United States Attorney for the
        Southern District of New York

By:    */s/ Zachary Bannon*
        ZACHARY BANNON
        ALYSSA B. O'GALLAGHER
        Assistant United States Attorneys
        86 Chambers Street, Third Floor
        New York, NY 10007

---

[1] Rule 37 states that monetary sanctions are *mandatory* when a party disobeys a court order, absent "substantial[] justif[ication] or other circumstances that make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Courts have described monetary sanctions as "the norm, not the exception, when a party is required to engage in motion practice in order to obtain the discovery to which it is entitled." *Shanghai Weiyi Int. Trade Co., Ltd.*, 2017 WL 2840279, at *10 (quotation marks omitted). Here, the Government has not maintained contemporaneous billing records, but we estimate that we have spent over five hours drafting and narrowing discovery requests, filing four letter briefs (*see* Dkt. Nos. 38, 40, 46, 47), and attending two conferences in service of procuring the Court's order compelling financial discovery from the Maplewood Defendants.